# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| KEOLATTANA TOOTOO SAPHILOM, *POA for Anita Kingkeo and Sengchanh Kingkeo*,<br><br>　　　　　　　　　　*Plaintiff,*<br><br>v.<br><br>SIEMENS INDUSTRY, INC.,<br><br>　　　　　　　　　　*Defendant.* | Case No. 3:23-cv-25<br><br>MEMORANDUM OPINION AND ORDER<br><br>Judge Norman K. Moon |

　　　This case is before the Court on Defendant Siemens Industry, Inc.'s Motion for a More Definite Statement Pursuant to Fed. R. Civ. Pro. 12(e). Because the Complaint is so vague and ambiguous that Defendant cannot reasonably prepare a responsive pleading, the Court will grant this motion.

## Standard of Review

　　　Under Fed. R. Civ. Pro. 12(e), "[t]he motion for more definite statement is 'designed to strike at unintelligibility rather than simple want of detail,' and the motion will be granted only when the complaint is so vague and ambiguous that the defendant cannot frame a responsive pleading." *Frederick v. Koziol*, 727 F. Supp. 1019, 1021 (E.D. Va. 1990) (internal citations omitted). Rule 12(e) "must be read in conjunction with Rule 8." *Hodgson v. Va. Baptist Hosp.*, 482 F.2d 821, 822 (4th Cir. 1973). And Rule 8(a) requires a complaint to include "(1) a statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment. . . ."

1

**Analysis**

Plaintiff Keolattana Tootoo Saphilom, as power of attorney for Anita Kingkeo and Sengchani Kingkeo, provides the following Complaint, in its entirety:

> Defend[a]nts are negligent of the wrongful death of Peter Sakda Kingkeo who died in Reston Hospital in Reston, Virginia on May 21, 2021. Defend[a]nts were aware he was not able to return to work in the same capacity due to his terminal illness of kidney failure and dialysis, but allowed him to work 60 to 70 hours a week in the same capaci[ty]. Defend[a]nts benefited from working Mr. Kingkeo for over 35 years like a slave, working 60 to 70 plus hours. Defendant's human resources department were aware of changes being made that were suspicious to his benefits, life insurance, and 401K, but did not report the suspicious changes to the appropriate authorities while his health was declining. Defendant is responsible for contributing to Mr. Kingkeo's untimely death.

Dkt. 2.

To the extent that Plaintiff attempts to assert a claim for wrongful death under Va. Code § 8.01-50, Defendant cannot determine if Anita Kingkeo and/or Sengchanh Kingkeo have standing for such a claim. Under Virginia's wrongful death statute, "[e]very [wrongful death] action . . . shall be brought in the name of the personal representative of such deceased person." Va. Code § 8.01-50(C). Thus, Anita and/or Sengchanh Kingkeo must have been appointed a personal representative of Peter Kingkeo's estate for one of them to have standing. And "[a] motion for a more definite statement can be used to require the plaintiff to plead additional facts necessary to establish standing." *Flaum v. Gloucester Lanes, Inc.*, 299 F.R.D. 120, 123 (E.D. Va. 2014) (internal citation omitted).

Further, Defendant cannot reasonably understand the specific claims being asserted. It appears that Plaintiff brings a wrongful death suit, but it is unclear, for example, whether Plaintiff seeks relief under the Employee Retirement Income Security Act of 1974. To allow Defendant to prepare a responsive pleading without speculating as to Plaintiff's intended claims, the Court **GRANTS** Plaintiff's motion for a more definite statement. *See, e.g.*, *Hilska v. Jones*,

2

217 F.R.D. 16, 25 (D.D.C. 2003). Plaintiff must file a more definite statement of the Complaint, Dkt. 2, within twenty-one days of this Order, so that Defendant may reasonably prepare a responsive pleading.

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to the parties.

Entered this 7th day of July, 2023.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE